UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-147-MOC
(3:14-cr-179-MOC-1)

| | |
|---|---|
| UBALDO GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) and the Government's Motion to Dismiss (Doc. No. 4).

**I.    BACKGROUND**

Garcia and a co-defendant were indicted on September 17, 2014, on charges of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and § 846 (Count One), and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two). Indict., Doc. No. 9.[1] Garcia entered a straight-up guilty plea to both counts of the Indictment. Accept. and Entrance of Plea, Doc. No. 37. This Court sentenced Garcia to concurrent 108-month prison terms; judgment was entered on June 24, 2015. J., Doc. No. 51.

Garcia filed the instant Motion to Vacate on March 14, 2017 (Postmarked Envelope, Doc.

---

[1] Unless otherwise indicated, docket references that are not in parenthesis are to documents found in the underlying criminal case. Docket references in parenthesis are to documents found in the instant civil action.

No. 1-1), alleging that he received ineffective assistance of counsel related to his plea and sentencing (Doc. No. 1).  The Government has filed a Motion to Dismiss, raising the statute of limitations as a defense.  (Doc. No. 4.)  The Court provided Garcia an opportunity to respond to the Government's Motion (Doc. No. 5), and he has done so (Doc. No. 6).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to examine the § 2255 motion, any attached exhibits, and the record of the prior proceedings to determine whether the petitioner may be entitled to any relief.  Rules Governing Section 2255 Proceedings, Rule 4(b).  After examining the Motion to Vacate, the record, and the Government's Motion to Dismiss, the Court concludes that Garcia's § 2255 Motion can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Generally, a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which the judgment of conviction becomes final.  See 28 U.S.C. § 2255(f)(1).[2]  A petitioner must demonstrate that the motion was timely filed under § 2255 or that his untimely motion may be salvaged by equitable tolling principles.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applies to federal habeas statute of limitations).

The Court entered judgment in Garcia's criminal case on June 24, 2015.  J., Doc. No. 51.

---

[2] There are three exceptions, § 2255(f)(2)–(4) (excepting impediments to filing created by governmental action, rights newly recognized by the Supreme Court and made retroactive on collateral review, and claims based on facts that could not have otherwise been discovered previously through the exercise of due diligence).  Garcia does not assert that any of these exceptions apply.

Garcia had fourteen days to file a notice of appeal in the district court following the entry of judgment. Fed. R. App. P. 4(b)(1)(A). He did not appeal, however. Consequently, his conviction became final on or about July 8, 2015, when the time for filing a notice of appeal expired. See id. Once his conviction became final, Garcia had one year, or until July 8, 2016, to file a timely § 2255 motion to vacate his sentence. See Clay v. United States, 537 U.S. 522, 532 (2003) (holding the limitations period begins to run when the time for seeking review expires). The instant Motion to Vacate is untimely because Garcia did not file it until March 14, 2017—eight months after the limitations period had expired.

Garcia acknowledges that he filed the instant Motion more than one year after his conviction became final but contends that his attorney both failed to explain his right to appeal (§ 2255 Mot. 3, Doc. No. 1) and told him not to appeal (§ 2255 Mem. of Support 1, Doc. No. 2), that he was waiting for his attorney to file motions to get his sentence reduced (§ 2255 Mot. 6), and that his knowledge of English is limited (§ 2255 Mot. 4). Equitable tolling of the statute of limitations is available only when a defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). Equitable tolling is limited to "'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Garcia has shown neither diligence, nor that an extraordinary circumstance prevented him from filing a timely motion. He provides no evidence that he pursued, or attempted to pursue, relief prior to filing the instant Motion, or that he did anything more than wait for 20 months for

his attorney to take some action on his behalf.  Although Garcia asserts he attempted to file an appeal and that it was rejected as untimely (§ 2255 Mem. of Support 1), he offers no evidence, such as dates, to support these allegations.  Furthermore, there is nothing in the criminal docket indicating that he attempted to file an appeal.  Accordingly, Garcia has failed to demonstrate he has been pursuing his rights diligently.

He also has failed to identify an extraordinary circumstance – external to his own conduct – that stood in his way of filing a timely § 2255 motion.  Attorney error is not an extraordinary circumstance, see Rouse, 339 F.3d at 248-49; nor is a language difficulty, see United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004) (finding pro se defendant's alleged language difficulties and misunderstanding of limitations period for filing motion to vacate did not justify equitable tolling); United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (finding alleged language difficulties did not establish extraordinary circumstances); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (holding a lack of proficiency in English is insufficient to support equitable tolling).

In short, Garcia has not demonstrated he is entitled to equitable tolling of the statute of limitations.  His Motion to Vacate is untimely and shall be dismissed as such.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss (Doc. No. 4) is **GRANTED**;

2. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2255(f)(1); and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 17, 2018

Max O. Cogburn Jr.
United States District Judge